## CIRCUIT COURT OF FAIRFAX COUNTY

In re Michael Gilbert

November 17, 1989

Case No. (Law) 91992

By JUDGE JOHANNA L. FITZPATRICK

Mr. Gilbert is challenging his habitual offender adjudication on the theory that convictions under the now-repealed Title 46.1 of the Virginia Code may not be counted under § 46.2-351. Oral argument was heard on October 12, 1989, with supplemental briefs filed October 23, 1989. For the reasons stated below, the Court holds that Mr. Gilbert is properly adjudicated an habitual offender pursuant to § 46.2-351.

Mr. Gilbert's driving record reveals that he was convicted four times between February, 1986, and April, 1988, of Driving on a Suspended Operator's License in violation of § 46.1-350. The certification required by statute was forwarded by the Commissioner of the Division of Motor Vehicles on March 7, 1989, to the Commonwealth Attorney's office. An information was filed with the Circuit Court of Fairfax County in July, 1989, and a Rule to Show Cause issued from the Circuit Court on August 31, 1989, with an original return date of October 12, 1989.

Mr. Gilbert claims that § 46.2-351 does not permit the Court to include any of his convictions in the instant adjudication. He does not deny that he has accumulated four convictions under § 46.1-350 within a ten-year period. He does not challenge the validity of § 46.1-350; nor does he challenge the evidentiary sufficiency of any of those convictions. Rather, he rests his defense entirely on a plain reading of § 46.2-351. This case therefore presents an issue of first impression in this Court: may some offenses committed prior to October 1, 1989, properly

be counted in habitual offender adjudications occurring after October 1, 1989? Since this case turns on statutory interpretation, a brief review of the Habitual Offender Act is in order.

The Virginia Legislature initially enacted the Habitual Offender act in 1968, at which time its provisions were codified in Title 46.1 of the Virginia Code. Following numerous amendments, House Joint Resolution No. 271 (approved by the General Assembly in 1987) requested the Virginia Code Commission to undertake a revision of Title 46.1. The Commission was directed "to reexamine the title as a whole, to remove ambiguities, simplify language and structure, and generally improve the clarity of the law." *H. J. Res. No. 271.* The Commission's report was published as House Document No. 42 of the 1989 Session and served as the basis for Title 46.2, which was enacted by Acts 1989, c. 727. Effective October 1, 1989, Title 46.1 was repealed and Title 46.2 was enacted in its place. (Acts 1989, c. 727, cl. 7)

Section 46.1-387.2 (now § 46.2-351) defined the assorted motor vehicle violations which were to be counted in an habitual offender determination. As pertinent here, that section provided that a person would be adjudicated an habitual offender if his driving record revealed:

> (a) Three or more convictions [within a ten-year period] . . . of the following separate and distinct offenses arising out of separate acts
> . . . .
>     (4) Driving a motor vehicle while his license . . . to drive a motor vehicle has been suspended or revoked in violation of . . . § 46.1-350 . . .

Section 46.1-350 in turn prohibited any person from driving a motor vehicle while his operator's license was suspended or revoked.

When Title 46.1 was recodified, § 46.1-350 became Section 46.2-301 and § 46.1-387.2 became § 46.2-351. Although the language employed was somewhat altered, the legal effect of each counterpart provision was retained. Section 46.2-301 and § 46.1-350 both prohibit the operation of any motor vehicle on any highway of this Commonwealth by a person whose operator's license has been suspended

or revoked, and identical penalties are provided. Elsewhere, where § 46.1-387.2(a)(4) previously counted convictions under § 46.1-350 towards habitual offender determinations, Section 46.2-351(1)(c) now counts convictions under Section 46.2-301.

Therein lies the crux of Mr. Gilbert's defense. He concedes that § 46.2-301 is equivalent to § 46.1-350, and he concedes that convictions under § 46.2-301 would properly be counted in § 46.2-351. Nevertheless, he maintains that a literal reading of § 46.2-351(1)(c) reveals that convictions under § 46.1-350 are not to be included under § 46.2-351. He then correctly observes that this Court may not add words to a statute, or accomplish the result of adding words by judicial interpretation (*Schmidt v. Goddin*, 224 Va. 474 (1982)) and warns the Court not to consider the wisdom of legislative drafting when rendering its decision (*City of Portsmouth v. City of Chesapeake*, 232 Va. 158 (1986)).

The Court agrees that the law which applies in this proceeding is Title 46.2 and not Title 46.1. However, the Court must reject Mr. Gilbert's reading of § 46.2-351. The judicial interpretation prohibited by *Schmidt* simply prevents the Court from counting any *type* of motor vehicle violation not set forth in § 46.2-351. In other words, the Court would not be permitted to count parking tickets in an habitual offender adjudication if the Legislature had not included such violations in § 46.2-351. Today's holding is simply that § 46.2-301 *is the same as* § 46.1-350, a conclusion entirely consistent with *Schmidt*.[1]

The difficulty of Mr. Gilbert's approach is illustrated if taken another step. If Mr. Gilbert's approach were adopted, why would the prior section numbers of § 46.1-350 not also have to be set forth in the body of § 46.2-351 in order for convictions thereunder to be counted? While the habitual offender act has only been in force since 1968, Virginia has prohibited driving on a suspended

---

[1] The approach enforced here today is also perfectly consistent with another well-established principle of statutory construction whereby the body of a statute determines its application and not its short title. See, Sutherland Stat. Constr. (4th ed.) sect. 47.03.

license since well before then.[2] Clearly, Mr. Gilbert's approach to statutory construction would require the entire legislative history of every cross-referenced provision to be recited in the body of every subsection of every statute in the Virginia Code.[3] This asks too much.

Although not addressed by either counsel, the Court's attention was initially drawn to a savings clause in the recodified Act which appeared to respond to Mr. Gilbert's argument. Clause 2 of Acts 1989, c. 727, is essentially a bookkeeping provision whereby any reference to Title 46.1 anywhere in the entire Virginia Code is deemed to apply to the corresponding section in Title 46.2 after October 1, 1989. The Court was tempted to interpret this so as to construe every reference to Title 46.2 as a reference to the corresponding section of Title 46.1, but this interpretation would be the exact opposite as that intended, hence exactly wrong. Instead, the Court rests its holding on the conclusion that the mere changing of section numbers in a recodification does not interrupt the continuing validity of the underlying law.[4]

Beyond the statutory analysis set forth above, the Court believes that Mr. Gilbert's approach would achieve a result completely at odds with the legislature's declared

---

[2] The recent legislative history of Section 46.2-302 reveals that this provsion was originally located in Section 46-347.1 as enacted in the 1950 Code. It was not until 1958 that this Section was recodifed as Section 46.1-350.

[3] In this particular case, of course, Section 46.2-351 provides that only those convictions accumulated within the last ten years may be counted in an habitual offender determination. Acoording to Mr. Gilbert's position, Section 46-347.1 would arguably not have to be recited in the body of Section 46.2-351 since convictions thereunder would be more than ten years old anyway. Rather than simply reciting the entire legislative history of every cross-referenced provision, legislative drafters would then have to substantively examine the legal effect of every proposed provision to determine which previous section numbers to include.

[4] See, Sutherland, Stat. Constr. (4th ed.) sections 22.33, 23.13 and 23.28 (discussing general rule whereby those provisions repealed and then re-enacted in a comprehensive revision are construed as continuously in force).

policy. As discussed in the preamble to the Habitual Offender Act (set forth at § 46.1-387.1), the policy behind this Act was:

> (1) To provide maximum safety for all persons who travel or otherwise use the public highways of the State; and
>
> (2) To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference for the safety and welfare of others and their disrespect for the laws of the Commonwealth, the orders of her courts and the statutorily required acts of her administrative agencies; and
>
> (3) To discourage repetition of criminal acts by individuals against the peace and dignity of the Commonwealth and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of traffic laws. (1968, c. 476.)

A cursory reading of Title 46.2 reveals that every reference to Title 46.1 has been updated to the corresponding section number in Title 46.2. Therefore if convictions under § 46.1-350 are not to be counted in this proceeding, then no conviction under Title 46.1 could be counted in any post-October 1, 1989, habitual offender adjudication. Except for convictions brought in under subsection (3) of § 46.2-351, Mr. Gilbert's approach would essentially wipe every driver's record clean for purposes of habitual offender adjudications. The challenged recodification may not be perfect, but it is sufficiently clear to prevent the result proposed here by Mr. Gilbert. In conclusion, the Court holds that Mr. Gilbert's convictions under Section 46.1-350 are properly counted as convictions under Section 46.2-301 for the purposes of § 46.2-351(1)(c). Mr. Gilbert's determination as an habitual offender is therefore affirmed.